IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW L. CARVER

    Plaintiff,

    v.

JAMES RATHLESBERGER; RON JOSEPH; DAVE THORNTON; and DOES 3 through 50, inclusive,

    Defendants.

CIV-S-04-1918 DFL PAN

MEMORANDUM OF OPINION AND ORDER

    Defendants Ron Joseph ("Joseph") and Dave Thornton ("Thornton") (collectively "defendants") move to dismiss plaintiff Andrew L. Carver's ("Carver") claim under 42 U.S.C. § 1983 ("§ 1983") or, in the alternative, for a more definite statement. For the reasons stated below, defendants' motion to dismiss Carver's § 1983 claim is GRANTED. The court declines to exercise supplemental jurisdiction over the remaining state law claims. Those claims are dismissed without prejudice.

I.

    Carver operated a podiatry practice in San Francisco. (SAC ¶ 3.) On December 30, 2002, the San Francisco Chronicle

1

1 published an article titled "The Sport of Doctoring."  (Id. ¶
2 13.)  In the article, the author alleged that Carver attracted
3 patients by falsely claiming that he had treated professional
4 athletes.  (Id. ¶ 15.)  In addition, the author claimed that
5 Carver had 22 complaints filed against him with the Medical Board
6 of California ("Medical Board").  (Id.)

7    On February 11, 2003, Carver received a letter from the
8 Medical Board stating that he had six complaints filed against
9 him.  (Id. ¶ 18.)  Again, on January 13, 2004, the Medical Board
10 confirmed that Carver had six complaints filed against him, that
11 the complaints were not public information, and that "anyone
12 purporting to have additional information does not have correct
13 information."  (SAC Ex. C.)  In June 2004, the Medical Board
14 informed Carver's counsel that there may have been 22 complaints
15 filed against Carver, but any meritless complaints, or complaints
16 which had not been acted upon for more than five years, should
17 have been removed from his file.  (SAC ¶ 20.)

18    On July 21, 2004, Carver filed this suit, naming as
19 defendants James Rathlesberger, Executive Officer of the Board of
20 Podiatric Medicine, and Does 1-20.  (Compl. ¶¶ 12-13.)  In the
21 complaint, Carver alleged that Rathlesberger retained the
22 confidential complaints and released them to the San Francisco
23 Chronicle in retaliation for previous suits that Carver brought
24 against Rathlesberger.  (Id. ¶ 1.)

25    On March 18, 2005, on plaintiff's motion, the court
26 dismissed defendant James Rathlesberger.  (3/18/05 Order at 1.)

2

In addition, the parties stipulated that Carver may file "a Second Amended Complaint naming DOE 1, the Executive Director of the Medical Board of California, and serve same on or before March 18, 2005."  (Id.)

On March 21, 2005, Carver filed a second amended complaint naming Ron Joseph, the former Executive Director of the Medical Board, Dave Thornton, the current Executive Director of the Medical Board, and DOES 3-20 as defendants.  (SAC ¶ 1.)  The complaint includes the following claims: (1) a § 1983 claim for a violation of Carver's right of privacy and a violation of his due process rights; (2) a state law claim for invasion of privacy; and (3) a state law claim for a breach of a mandatory duty to destroy complaints on file at the Medical Board, as required by Cal. Gov. Code § 815.6.  (Id. ¶¶ 22-50.)  Carver seeks prospective injunctive relief against Thornton and damages from Joseph in his personal capacity.  (Id. ¶ 10.)

Defendants now move to dismiss Carver's § 1983 claim on four grounds: (1) the court lacks subject matter jurisdiction because Carver's claim for an invasion of privacy does not state a constitutional claim actionable under § 1983; (2) defendants are not "persons" within the meaning of § 1983; (3) Carver fails to state a claim under § 1983 because his complaint contains only vague or conclusory allegations; and (4) Carver's claim is barred by the statute of limitations.  (Mot. at 4.)

II.

On a motion to dismiss, the allegations in the complaint are

accepted as true.  Cooper v. Pate, 378 U.S. 546, 84 S.Ct. 1733 (1964).  The complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99 (1957).

A. Right to Privacy

To state a viable § 1983 claim, Carver must allege violations of rights secured by the United States Constitution or the laws of the United States.  42 U.S.C. § 1983.  The constitutional right to privacy includes the "individual interest in avoiding disclosure of personal matters."  Whalen v. Rose, 429 U.S. 589, 599, 97 S.Ct. 869 (1977).  However, courts have construed this right narrowly, limiting it to those rights which are "'fundamental or 'implicit' in the concept of ordered liberty.'"  St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1375 (9th Cir. 1981) (quoting Palko v. Connecticut, 302 U.S. 319, 325, 58 S.Ct. 149 (1937)).  "Only the most intimate phases of personal life have been held to be constitutionally protected."  McNally v. Pulitzer Pub. Co., 532 F.2d 69, 76 (8th Cir. 1976).

Carver's allegations do not come within this narrow constitutional right.  Even if defendants released information about the number of complaints filed against Carver to the public, this does not rise to the level of a constitutional violation.  The information allegedly released by defendants does

not include intimate, personal information, such as medical records. See Bloch v. Ribar, 156 F.3d 673, 686 (6th Cir. 1998) (holding that a rape victim has a fundamental right of privacy in preventing government officials from releasing intimate details of rape where there is no overriding penalogical interest); Doe v. Attorney Gen. of United States, 941 F.2d 780, 795-96 (9th Cir. 1991) (recognizing that the right to privacy encompasses medical information).

One can well imagine that to protect or inform the public, a state regulatory agency, without vouching for the accuracy of consumer complaints, might decide to make its consumer complaint files available to members of the public for inspection. At least where all of the information comes from members of the public, it is difficult to understand how any constitutional right of privacy, held by the person complained of, could be implicated. Indeed, if there were such a right of privacy, court filings alleging malpractice must also be shielded, and yet there is a well recognized right of access to such files.

Carver responds that a right of privacy is created by California law because it requires the Medical Board to keep confidential the records of complaints against him and to destroy any complaints over five years old that had not been acted on. See Cal. Bus. & Prof. Code § 800. However, even if California law restricts access to complaints against medical doctors, this does not create a constitutional right to privacy in those documents. It merely provides for a possible state law remedy.

See <u>Nilson v. Layton City</u>, 45 F.3d 369, 372 (10th Cir. 1995) ("While state statutes and regulations may inform our judgment regarding the scope of constitutional rights, they 'fall far short of the kind of proof necessary' to establish a reasonable expectation of privacy.") (citation omitted). Therefore, Carver's § 1983 claim for invasion of privacy is dismissed.

Because the court has dismissed Carver's sole federal claim, the court declines to exercise supplemental jurisdiction over the remaining state law claims.[1] <u>See</u> U.S.C. § 1367(c)(3); <u>O'Connor v. Nevada</u>, 27 F.3d 357, 363 (9th Cir. 1994). Those claims are dismissed without prejudice.

## III.

For the reasons stated above, defendants' motion to dismiss plaintiff's § 1983 claim is GRANTED and the remaining state law claims are dismissed without prejudice. The clerk shall enter judgment. IT IS SO ORDERED.

Dated: 11/11/2005

*[signature]*

DAVID F. LEVI
United States District Judge

---

[1] The court notes that Carver captions his first cause of action as a "Deprivation of Rights of Privacy and Due Process Under Color of State Law." (SAC at 6:2.) Although Carver's use of the conjunctive suggests he brings two claims under his first cause of action, it appears that this is simply one claim alleging a violation of a right to privacy.